IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MARCIA EISENHOUR, an individual<br><br>Plaintiff,<br><br>v.<br><br>WEBER COUNTY, a political subdivision of the State of Utah, CRAIG D. STOREY, CRAIG DEARDON, KENNETH BISCHOFF, and JAN ZOGMAISTER, in their official and individual capacities,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING RENEWED MOTION TO COMPEL DISCOVERY**<br><br>Case No. 1:10-CV-00022<br><br>Judge Clark Waddoups |

A few weeks before trial of this matter, Plaintiff renewed her Motion to Compel Discovery (Dkt. No. 166), seeking to obtain documents associated with the investigation into charges against her of sexual harassment and insubordination, together with recordings of interviews the investigator conducted with employees concerning these charges, as supplemental disclosures required by Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure. (Pl.'s Renewed Mot. Compel 3-4 [Dkt. No. 289].) The court previously denied Plaintiff's Motion to Compel Discovery (Dkt. No. 166) on September 18, 2014, for the reasons stated on the record. (*See* Tr. Hrg. 9/18/2014, at 25:3-26:9 [Dkt. No. 195-1]; *also quoted in* Defs.' Opp. Renewed Mot. Compel 4 [Dkt. No. 290].)

In their Opposition, Weber County Defendants made evidentiary objections to portions of Plaintiff's supporting Declaration attached as Exhibit A to her Renewed Motion to Compel, as required by DUCivR 7-1(b)(1)(B). (*See* Pl.'s Decl. [Dkt. No. 289-1].) The court agrees that

pursuant to Rules 56(c)(2) and (c)(4) of the Federal Rules of Civil Procedure,[1] paragraphs 3, 4, 5, 6, 7, 8, 10, 11, and 12 of Plaintiff's Declaration should be stricken for the reasons argued by Defendants in their Opposition. (*See* Defs.' Opp. Renewed Mot. Compel 2-3 [Dkt. No. 290].) Specifically, these paragraphs do not comply with the requirement of Rule 56(c)(4) of the Federal Rules of Civil Procedure that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." The listed paragraphs are not based on personal knowledge, rely on conclusory statements, or in some instances are "statements of mere belief," which must also be disregarded. *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (quoting *Tavery v. United States*, 32 F.3d 1423, 1427 n.4 (10th Cir. 1994)).

In addition, the court finds that Plaintiff has not sufficiently complied with the "meet and confer" requirement of Rule 37 of the Federal Rules of Civil Procedure governing motions to compel disclosure or discovery. Rule 37(a)(1) provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." In her Renewed Motion, Plaintiff includes a certification that she has "attempted to resolve this issue without the Court's intervention, by asking the County's attorneys via email dated February 26, 2015 whether they would agree to provide the records. Despite requesting a response by March 2, 2015, she has received no response to her email." (Pl.'s Renewed Mot. Compel 4 [Dkt. No. 289].)

---

[1] Weber County Defendants incorrectly cite to the former Rule 56(e) of the Federal Rules of Civil Procedure for the requirements of an Affidavit or Declaration submitted in support of a Motion. (Defs.' Opp. Renewed Mot. Compel 2 [Dkt. No. 290].) Rule 56 of the Federal Rules of Civil Procedure was amended in 2010. *See Wilcox v. Career Step, LLC*, 929 F. Supp. 2d 1155, 1162 n. 5 (D. Utah 2013). Rule 56(c)(4), and not Rule 56(e), now governs the evidentiary expectations of affidavits or declarations submitted in support of motions.

Plaintiff does not indicate any attempt to reach and confer with Weber County Defendants by telephone or to follow up on her February 26, 2015 email. The court finds this inadequate to discharge the meet and confer requirement of Rule 37.

Nevertheless, for the avoidance of doubt and because trial is scheduled to begin in this matter in one week, the court also addresses Plaintiff's Renewed Motion to Compel substantively rather than merely denying it on procedural grounds for its lack of admissible supporting evidence and for failing to meet and confer. The only thing that has changed since the September 18, 2014 hearing in which the court denied Plaintiff's initial Motion to Compel and now is that the County concluded its investigation of the sexual harassment and insubordination charges against Plaintiff and issued a "Notice of Reprimand" on February 24, 2015. (*See* Exhibit A to Decl. Chad Ferrin, at 6-7 [Dkt. No. 290-1].) The only action taken, as recorded in the Notice, was a discussion with Plaintiff. The Notice also noted that reference to the situation would be included in Plaintiff's annual performance review.

Plaintiff has failed to persuade the court that it should modify its previous ruling on this Motion to Compel in any way. As previously stated, the information requested has "no direct bearing on the issues that . . . will be left for trial." (Tr. Hrg. 9/18/2014, at 25:4-6 [Dkt. No. 195-1].) The actions they refer to are too remote in time and circumstance to be relevant, given that they arise years after the situation at issue in Plaintiff's lawsuit in an entirely different department with different managers, supervisors, job responsibilities, and given that none of the Commissioners at issue in the lawsuit were still in office at the time of the Notice of Reprimand. Moreover, the court finds it curious that Plaintiff argues that the charges against her and the Notice of Reprimand constitute retaliation because they relate to "the same type of conduct that she accused [Defendant Judge Storey] of engaging in" but then also argues that the "petty nature

of the charges" against her supports her "belief" that the charges and the Notice of Reprimand constitute retaliation for bringing this lawsuit. (Pl.'s Renewed Mot. Compel 2-3 [Dkt. No. 289].) Such charges are just as serious when raised against Plaintiff as when Plaintiff raises them against Judge Storey.

Accordingly, the court DENIES Plaintiff's Renewed Motion to Compel Discovery (Dkt. No. 289).

SO ORDERED this 20th day of March, 2015.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge