APRIL L. HOLLINGSWORTH (Bar No. 9391)
ASHLEY F. LEONARD (Bar No. 14899)
**HOLLINGSWORTH LAW OFFICE, LLC**
1115 South 900 East
Salt Lake City, Utah 84105
Telephone: 801-415-9909
april@aprilhollingsworthlaw.com
ashley@aprilhollingsworthlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| **MARCIA EISENHOUR,**<br><br>      Plaintiff,<br><br>vs.<br><br>**WEBER COUNTY,** a political subdivision of the State of Utah, **CRAIG D. STOREY, CRAIG DEARDON, KENNETH BISCHOFF, and JAN ZOGMAISTER,** in their official and individual capacities,<br><br>      Defendants. | **PLAINTIFF'S MOTION FOR EQUITABLE RELIEF**<br><br>Case No. 1:10-cv-00022<br><br>Judge Clark Waddoups |

Plaintiff Marcia Eisenhour ("Ms. Eisenhour"), by and through her counsel, Ms. Eisenhour hereby submits this Motion for Equitable Relief.

At the trial of this matter, the jury found that Weber County violated the Utah Whistleblower Act, because it would not have decided to close the Weber County Justice Court in the absence of Ms. Eisenhour's good faith communication of public employee misconduct to

the Ogden Standard Examiner and the Salt Lake Tribune.[1]  The remedies for violations of the Utah Whistleblower Act include equitable remedies including "reinstatement of the employee at the same level, the payment of back wages, full reinstatement of fringe benefits and seniority rights, damages, or any combination of these remedies."[2]  U.C.A.§ 67-21-5.

Ms. Eisenhour has sought equitable relief in her Complaint, in which she stated she "is entitled to be reinstated to her former salary level with all benefits and seniority rights."  Doc. 70, ¶ 91.  She reiterated this request in the Final Pretrial Conference held October 21, 2014, and the Court reserved ruling on this issue.  Doc. 278, p. 3.  Based on the jury's findings, she now seeks an order from this Court granting her equitable relief by reinstating her to her prior rate of pay. As she testified at trial, the difference between her ending pay rate at the Justice Court and her starting rate at the Animal Shelter is $12.50 per hour ($23.15 versus $10.65).  Therefore, Ms. Eisenhour requests that the Court order the County to raise her current pay by $12.50 per hour, and reinstate any benefits that she lost when she lost her position with the Justice Court, to the extent those benefits are no longer available to her at the Animal Shelter.

In making a decision on equitable relief, this Court is bound by the jury's findings that the County closed the Weber County Justice Court in response to Ms. Eisenhour's protected communications.  *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F. 3d 955, 965 (10th Cir. 2002).  Accordingly, the Court's previously expressed opinions as to the strength of Ms. Eisenhour's claims must not influence its decision regarding her entitlement to equitable relief. *Id*.  In order to be made whole based on the County's violations of the Utah Whistleblower Act,

---

[1]  The verdict form has not yet been entered in the Court's docket.

[2]  The Whistleblower Act also provides that the Court "shall award" attorneys' fees and costs to a prevailing complainant.  Ms. Eisenhour will submit her petition for fees at a later date.

Ms. Eisenhour's wage must be restored to the rate she was earning when the County closed the Court in violation of the Act.

Dated this 22nd day of April, 2015.

**HOLLINGSWORTH LAW OFFICE, LLC**

 /s/ April L. Hollingsworth
April L. Hollingsworth
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of **PLAINTIFF'S** has been served via the court's CM/ECF system, on this 22nd day of April, 2015, to the following:

Kathleen M. Liuzzi
Susan Black Dunn
Dunn & Dunn, P.C.
2455 East Parleys Way, Suite 340
Salt Lake City, UT 84109
kliuzzi@dunndunn.com
sblack@dunndunn.com


Linette B. Hutton
Hutton Law Associates P.C.
341 South Main Street
#500
Salt Lake City, UT 84111
linette@hutton-law.com


/s/ April L. Hollingsworth