IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MARCIA EISENHOUR,<br><br>                Plaintiff,<br>v.<br><br>WEBER COUNTY, a political subdivision of the State of Utah, CRAIG D. STOREY, CRAIG DEARDON, KENNETH BISCHOFF, and JAN ZOGMAISTER, in their official and individual capacities,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:10cv00022<br><br>Judge David Sam |

Plaintiff Marcia Eisenhour ("Ms. Eisenhour"), submitted a Motion to Disqualify Judge,[1] and requested that, pursuant to 28 U.S.C. § 144, the motion be assigned to a district court judge other than Judge Waddoups, the judge at issue in this motion. The motion was assigned to Judge David Sam, who will now consider it.

## BACKGROUND

Plaintiff Ms. Eisenhour, a former Weber County Justice Court clerk, brought a claim for sexual harassment under the equal protection clause against former Weber County Justice Court Judge Defendant Craig Storey ("Defendant Storey"). Plaintiff brought claims against former Weber County Commissioners Dearden, Bischoff, and Zogmaister, and Weber County (collectively, the "Weber County Defendants") for violations of her First Amendment and Utah Whistleblower's Act rights. She alleged that the Weber County Defendants closed the Weber County Justice Court to retaliate against her for going to the press when the Utah State Judicial

---
[1] Doc. No. 373

Commission decided not to discipline Judge Storey. Judge Waddoups presided over the jury trial in this matter from March 30 to April 9, 2015. The defendants argued motions for directed verdict, asking the judge to dismiss the case before the jury reached a verdict.[2] Judge Waddoups, while expressing serious concerns about the sufficiency of the evidence the plaintiff had presented, denied the defendants' motions prior to the verdict, but invited them to renew the motions if the jury ruled in favor of the plaintiff. The jury returned a verdict against Defendant Storey in the amount of $242,871. The jury found in favor of the Weber County Defendants on the First Amendment claim, but against Weber County on the Whistleblower claim in the amount of $33,632.

Defendant Storey and the Weber County Defendants filed Renewed Motions for Judgment as a Matter of Law.[3] Plaintiff then filed her original Motion for Disqualification of Judge,[4] in which she referred to the following statement by Judge Waddoups that she alleges demonstrated that he had "an interest in the outcome" of the proceedings[5]: "If the jury finds that there is no cause of action, we're all better off."[6] The full context of the statement is as follows:

> I want to make it clear that I am reserving the right to take this away from the jury if they enter a verdict because I have serious questions about whether this evidence is sufficient. If the jury finds that there is no cause of action, we're all better off. If the jury finds that there's a cause of action and awards some damages, then I'll allow you to re-brief and argue the question as to whether, as a matter of law, this jury—whether the verdict, if it's entered, should be taken away from the jury. I think it is, at best, a very, very, close case. I have serious questions as to whether or not the plaintiff has met her burden of proof.[7]

---

[2] Doc. No. 338-1 at 241:16-18.

[3] Doc. No. 316 and 335.

[4] Doc. No. 338.

[5] Doc. No. 338, at 3.

[6] Doc. No. 373-1, Declaration of Marcia Eisenhour, ¶ 3

[7] April 7, 2015 Trial Transcript, 261:24-262:10.

The Court denied the Motion for Disqualification of Judge, stating,

> Rather than establish the high degree of favoritism or antagonism required for recusal, Judge Waddoup's remarks consist of an accurate statement of the law (that the Defendants could file renewed motions for judgment as a matter of law if the jury returned a verdict in favor of Ms. Eisenhour), as well as the judge's skepticism that Ms. Eisenhour had met her burden of proof.  Thus, they merely reflect the judge's view on a particular point of law and do not present grounds for disqualification.[8]

The Court denied Defendant Storey's Motion for Judgment as a Matter of Law or in the Alternative New Trial.  The Court reduced Plaintiff's award against Defendant Storey from $242,871 to $184,444.[9]  Neither Plaintiff nor Defendant Storey appealed the Court's decision.  The Court denied the Weber County Defendants' Motion for Judgment as a Matter of Law, but granted the Weber County Defendants' motion for a new trial.[10]

On September 14, 2016, Weber County Defendants requested a scheduling conference with this Court to set new trial dates.  The next day, Plaintiff filed the present Motion to Disqualify Judge.  This motion is nearly identical to Plaintiff's original motion to disqualify,[11] quoting the exact same portion of the trial transcript. Ms. Eisenhour argues that two changes have occurred that support a second motion: (1) The U.S. Supreme Court decided *Williams v. Pennsylvania,*[12] which she claims held that a judge's failure to recuse when there is the appearance of a bias constitutes a due process violation that requires new proceedings, and (2) the court has orderd a new trial in this matter to be held by the same trial judge that made the statement in question.

---

[8] Doc. No. 363, p.4.

[9] Doc. No. 369, p.18.

[10] Doc. No. 369, p. 13.

[11] Doc. No. 338.

[12] 579 U.S. ----, 136 S. Ct. 1899  (2016).

## ANALYSIS

### I. *Williams v. Pennsylvania* is Distinguishable from the Current Case.

Ms. Eisenhour relies on the U.S. Supreme Court decision in *Williams v. Pennsylvania* to support her motion, but that case is easily distinguishable from the current case. In *Williams*, the petitioner was convicted of murder in 1986. Ronald Castille, the then-district attorney, approved the prosecutor's request to seek the death penalty. The petitioner's conviction and sentence were upheld on direct appeal, state post-conviction review, and federal habeas review. In 2012 Williams filed a new appeal, arguing prosecutorial misconduct. The court stayed the execution and ordered a new sentencing hearing. The Commonwealth asked the state Supreme Court, whose chief justice was now Ronald Castille, the former district attorney, to vacate the stay. Williams filed a petition asking the Chief Justice to recuse himself. He denied the motion and joined with the Supreme Court to vacate the stay and reinstate the death sentence.

The Supreme Court of the United States held that "there is an impermissible risk of actual bias when a judge earlier had significant, personal involvement **as a prosecutor** in a critical decision regarding the defendant's case."[13] The court went on to say:

> Of particular relevance to the instant case, the Court has determined that an unconstitutional potential for bias exists **when the same person serves as both accuser and adjudicator in a case.** This objective risk of bias is reflected in the due process maxim that "no man can be a judge in his own case, and no man is permitted to try cases where he has an interest in the outcome.

This holding clearly does not apply to the present case. Ms. Eisenhour states that allowing the same judge to conduct a new trial here poses at least as significant an "objective risk of bias" as that at issue in *Williams.* But *Williams* does not apply. Judge Waddoups did not have a "significant, personal involvement as a prosecutor" in this case. He did not act as both the

---

[13] *Id.* at 1905 (emphasis added).

accuser and the adjudicator in the case. The potential for bias that was present in the *Williams* case is not present here, where the judge never acted as an advocate against Ms. Eisenhour.[14]

Ms. Eisenhour also cites *Williams* for the proposition that the court's duty is not to determine "whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, 'the average judge in his position is 'likely' to be neutral or whether there is an unconstitutional 'potential for bias.'"[15] She argues that when the trial judge stated that if the jury found against her, "we're all better off," he clearly demonstrated "an interest in the outcome," and that at a minimum, there is "an objective risk of bias" in proceeding to trial before a judge who previously made such a statement.

However, the Supreme Court in *Williams* based its decision regarding the "objective risk of bias" standard on the Due Process Clause of the Fourteenth Amendment. That is a different standard than the standard under Section 144, which requires a party seeking a judge's recusal to demonstrate **actual** bias or prejudice.[16]

## II. Plaintiff's Declaration does not Meet the Criteria for Disqualification Under 28 U.S.C. § 144.

Ms. Eisenhour seeks to disqualify Judge Waddoups pursuant to 28 U.S.C. § 144, claiming that Judge Waddoups has a bias in favor of Weber County Defendants. "Section 144 requires an affidavit of bias or prejudice which must be timely, sufficient, made by a party, and accompanied by a certificate of good faith of counsel."[17] The Tenth Circuit has observed that "in practice, the procedural requirements of this statute, which are quite specific, have been

---

[14] *See, e.g., Fourstar v. Kane,* 2016 WL 4679718, *4 (D. Mont. 2016) (unpublished)

[15] *Williams* at 4, citing *Caperton v. A.T. Massey Coal Co., 56 U.S. 868, 872 (2009).*

[16] *Varela v. Jones,* 746 F.2d 1413, 1416 (10th Cir. 1984) (emphasis added).

[17] *Glass v. Pfeffer,* 849 F.2d 1261, 1267 (10th Cir. 1988).

**strictly construed**."[18] "[A]n affidavit is only considered sufficient to support disqualification if the facts and reasons provided "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment,"[19] or when a "reasonable man would conclude on the facts stated [in the affidavit] that the district judge had a special bias against the defendant."[20] Ms. Eisenhour's declaration does not meet any of these criteria.

First, her affidavit is untimely. The statements were made by Judge Waddoups on April 7, 2015. Plaintiff's declaration is dated July 6, 2015, but was not filed with the court until September 15, 2016, over a year later. "The timeliness requirement has been deemed of 'fundamental importance' and a matter of substance by a majority of federal district and appeals courts."[21] In the Tenth Circuit, the movant must "file his affidavit when he first learned of facts that allegedly showed bias and prejudice."[22] Plaintiff waited until almost two months after the statements were made by Judge Waddoups, and only after Weber County Defendants' Renewed Motion for Judgment as a Matter of Law was filed, to file her original motion. The current Motion was filed over sixteen months after Judge Waddoups made the allegedly biased statement, and over two months after the Court granted Defendant's motion for a new trial. Plaintiff has not shown any good reason for the delay.

Second, Ms. Eisenhour's Affidavit is insufficient because it does not contain facts that indicate a personal bias by Judge Waddoups in favor of Weber County Defendants. "Affidavits of disqualification [under Section 144] must allege personal rather than judicial bias. They must

---

[18] *United States v. Hines,* 696 F.2d 722, 728 (10th Cir. 1982) (emphasis added).

[19] *Berger v. United States,* 255 U.S. 22, 24 (1921).

[20] *United States v. Thompson,* 483 F.2d 527 (3d Cir. 1973); *see also Webb v. Swensen,* 2016 @L 1122981, *2-*3 (D. Utah 2016) (unreported).

[21] *Timeliness of Affidavit of Disqualification of Trial Judge Under 28 U.S.C. § 144, 141 A.L.R. Fed 311, 329 (1997).*

[22] *Green v. Dorrell,* 969 F.2d 915, 919 (10th Cir. 1992).

contain more than mere conclusions. They must show facts indicating the existence of a judge's personal bias and prejudice."[23]  "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."[24] To warrant recusal under Section 144, the alleged bias must be both personal and extrajudicial: "To sustain disqualification the bias and prejudice must arise from an 'extrajudicial source' and result in an opinion 'on some other basis than what the judge learned from his participation in the case.'"[25]

     Ms. Eisenhour has not filed a legally sufficient Declaration. Her alleged biases are merely a few statements made by Judge Waddoups during the course of the proceedings, describing the law regarding Rule 50 and telling counsel he has concerns about the sufficiency of the evidence. They are not personal, nor are they extrajudicial. Significantly, nothing in Judge Waddoups' handling of the case after making the allegedly biased remarks show antagonism toward Ms. Eisenhour. Judge Waddoups denied Defendants' motion for a directed verdict at trial. He denied Defendant Storey's Motion for Judgment as a Matter of Law, and his motion for a new trial. He denied the Weber County Defendants' Motion for Judgment as a Matter of Law, but did grant their motion for a new trial. Ms. Eisenhour fails to demonstrate how any of these rulings demonstrate Judge Waddoups' alleged personal bias against her.

     Plaintiff's current argument for the disqualification of Judge Waddoups is virtually identical to her motion filed in June of 2015. The statements that Plaintiff alleges demonstrate bias toward her are exactly the same as those presented in support of her prior motion. The

---

[23] *United State v. Bray,* 546 F.2d 851, 857 (10th Cir. 1976) (citations omitted).

[24] *Litkey v. United States,* 510 U.S. 540, 555 (1994).

[25] *Davis v. Cities Service Oil Company,* 420 F.2d 1278, 1282 (10th Cir. 1970).

Court has already examined those statements and determined that they did not demonstrate bias against Ms. Eisenhour. The court found that they were accurate statements of the law of the case and reflections of Judge Waddoups' view on a particular point of law based on the evidence presented at trial. There are no new arguments, and no reason for the court to consider the same arguments again.

## CONCLUSION

For the above reasons, the court hereby denies Ms. Eisenhour's Motion to Disqualify Judge.[26]

SO ORDERED this 6th day of October, 2016.

BY THE COURT:

*David Sam*

David Sam
United States District Judge

---

[26] The court notes that Weber County Defendants have requested attorney fees and costs for Plaintiff bringing "this frivolous motion." After due consideration, the court declines to grant this request.