IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MARCIA EISENHOUR, an individual<br><br>Plaintiff,<br><br>v.<br><br>WEBER COUNTY, a political subdivision of the State of Utah, CRAIG D. STOREY, CRAIG DEARDON, KENNETH BISCHOFF, and JAN ZOGMAISTER, in their official and individual capacities,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER AWARDING PLAINTIFF ATTORNEY FEES**<br><br>Case No. 1:10-cv-22-CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

This matter is before the court on Plaintiff Eisenhour's motions to recover attorney fees against Defendant Craig Storey. (Dkt. Nos. 441 & 442.) Judgment was entered in favor of Plaintiff and against Defendant Storey in the amount of $242,871 on April 24, 2015. (Dkt. No. 315.) Upon post-trial motions, that judgment was vacated and a reduced judgment entered in the amount of $184,444 for noneconomic damages against Storey and Plaintiff was found to be the prevailing party. (Dkt. No. 437.)[1] The court has carefully reviewed the motions and supporting evidence, and the opposition memoranda and evidence. The court now finds that Plaintiff shall

---

[1] The court also granted the Weber County Defendants' Motion for a New Trial. (*See* Dkt. No. 369.) In December 2016, a second trial was held solely against the Weber County Defendants. At the conclusion of evidence, the Weber County Commissioners moved for judgment as a matter of law on the claims against them individually and in their official capacities. The court granted the motion and dismissed the claims against the commissioners. (*See* Dkt. Nos. 419 & 420.) After deliberations, the jury found against Plaintiff on the claims against Weber County. Therefore, Plaintiff is not a prevailing party against the Weber County Defendants. (*See* Dkt. No. 437.)

recover from Defendant Storey the total amount of **$238,225.50** as attorney fees, as set forth in more detail in this decision. The court also awards Plaintiff costs in the amount of **$4,207.53**.

## ANALYSIS

In a federal civil rights action, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. §1988(b). Section 1988 provides for attorney fees to be awarded to the prevailing plaintiffs in an action brought under 42 U.S.C. § 1983.[2] The purpose of the statute is to encourage competent counsel to pursue civil rights cases to vindicate the rights of parties whose constitutional rights have been violated, but who would otherwise likely lack the financial means to protect those rights and seek an appropriate remedy for the violation. *See City of Riverside v. Rivera*, 477 U.S. 561, 574–75 (1986). In considering a request for such an award, the court must determine what is a reasonable fee generally by beginning with a "lodestar" figure based on multiplying the hours counsel reasonably spent on the litigation times a reasonable hourly rate. *Jane L. v. Baangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995). Both of these factors are to be judged by the complexity of the issues raised and the experience of counsel involved. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The request for attorney fees must be supported by detail specifying the dates, tasks accomplished, and the time spent on the various tasks. *Jane L.*, 61 F.3d at 1510.

Once the court determines the lodestar amount, the court may in its discretion adjust the fee to be awarded by taking into account the result achieved, the complexity of the litigation, the time required to bring the litigation to conclusion and other factors such as unnecessary duplication of effort, delay, and the importance of the rights being protected. *Hensley*, 461 U.S. at 434–36. In this case, Defendant Storey does not contest that attorney fees may be awarded, but

---

[2] Plaintiff also seeks fees under Utah Code § 67-21-5(2) which provides for attorney fees for an employee prevailing under that chapter. Plaintiff's claims were submitted to the jury only under § 1983, making it unnecessary for the court to address the state statute.

does object to the amount of fees being requested, arguing that they are excessive and unreasonable under the facts of this case.

### *The Lodestar Amount*

Plaintiff's attorneys claim approximately 1192.85 hours in attorney time from the commencement of this case through February 10, 2016. Plaintiff seeks $326,213.50 for time billed by Hollingsworth Law Office, LLC and $20,100 billed by Brenda Beaton, for a total of $346,313.50. (Dkt. No. 442-1.) Plaintiff asserts that April Hollingsworth should be compensated at $350 per hour, her associate Ashley Leonard at $150 per hour, Matt Harrison at $150 per hour, and Brenda Beaton at $200 per hour. Recognizing that some time was spent by counsel pursuing claims against Weber County and its commissioners, against whom she did not prevail, Plaintiff has eliminated from the total hours spent approximately 38 hours as unnecessary had she not pursued claims against the Weber County Defendants.

### *Defendant Storey's Objections and the Court's Adjustment to the Fees*

The amount of itemized lodestar fees included time spent in pursuing claims against both Defendant Storey and the Weber County Defendants. As noted, Plaintiff was not the prevailing party against the Weber County Defendants. Defendant Storey objects to the request for attorney fees, arguing that (1) the hourly rates are unreasonably high, (2) the claimed attorney hours are unreasonable, were not necessary, and are unsupported, and (3) Plaintiff is precluded from attorney fees and costs spent on the appeal to the Tenth Circuit because the Circuit did not grant her fees and costs on her appeal. Although Defendant Storey provides some examples of what he claims as excessive or unreasonable billings, he fails to provide the court with a detailed analysis of the requested fees and specific items that should be excluded. Defendant argues that of the hours Plaintiff claims, only 118.43 hours can fairly be attributed to work on the claims against

him and that number should be further reduced by 59.22 hours for work attributable to the economic damages claim, on which Plaintiff did not prevail. (Dkt. No. 432.) Defendant Storey fails to provide sufficient detail of how he determines these amounts.

Upon review of the supporting information and arguments of counsel, the court makes the following findings:

1. Plaintiff has provided the court with supporting documentation, including billing records and supporting declarations. The detail provided, however, is in many instances incomplete or lacks sufficient detail for the court to determine whether the time was reasonable or whether the work advanced the prosecution of the prevailing claim. It is often impossible whether the time was spent on the claims against the Weber County Defendants or against Defendant Storey. For example, many of the entrees are simply "pc w/ client," or "Review of documents from defendants." Some entries appear to be time spent on claims against the Weber County Defendants without any effort to reduce or eliminate those hours, for example, "Review commissioner minutes; deposition transcripts" or "Deposition of Craig Deardon." In addition, and perhaps most significantly, Plaintiff fails to reduce any of the trial preparation or trial time to account for the fact that much of the effort and trial time was directed at the claims against the Weber County Defendants. Further, Plaintiff does not address whether some reduction of the claimed fees should be made to account for Plaintiff's failure to prevail on each of the claims asserted and the work associated with pursuing those claims. Nevertheless, the court can adjust the requested time to account for these deficiencies based upon the information Plaintiff has provided and the court's knowledge of the pretrial and trial proceedings.

2. The court has determined that the hours claimed by Ms. Hollingsworth on Ex A1

(Dkt. No. 442-1) must be reduced by an additional 32.7 hours[3] for time that appears to be devoted to the claims and discovery against the Weber County Defendants and by 103.65 hours[4] as a 50% reduction for the trial preparation and trial time. Based on the court's familiarity with the trial, the number of witness called and the complexity of the issues, it is the court's judgment that both the trial time and the trial preparation time would have been reduced by 50% if only the claims against Defendant Storey had been pursued. Testimony from the commissioners, the county attorney, the county's personnel officers and comptroller would not have been necessary, or at least significantly reduced, to advance the claims against Defendant Storey. As adjusted, Ex A1 supports a total of 655.35 hours. Ms. Hollingsworth claims an hourly rate of $350 for this time. The Declaration of Elizabeth Peck she provides in support, however, states that Ms. Hollingsworth's billing rate for that period was $300 per hour. Ms. Peck further supports that $300 per hour, based on Ms. Pecks familiarity with Ms. Hollingsworth's work, is "reasonable and in line with her experience and expertise." (Dkt. No. 442-3.) Ms. Hollingsworth does not claim otherwise, but requests the court to award $350 per hour to compensate for the period over which the case has been pending. The court declines this request and finds that an hourly rate of $300 for the time period supported by Ex. A1 is consistent with fees charged by attorneys with similar skill, education, and experience. The court awards $196,605 as an attorney fee for work supported by Ex. A1.

The court rejects Defendant Storey's argument that Plaintiff is precluded from an award of

---

[3] Entrees for 6/28/2011 ("Finish discovery requests to County, Storey") (50%); 10/16/2011 ("prep for depositions, review documents, pleadings"); 10/17/2011 ("Deposition of Craig Deardon"); 10/19/2011 ("Prep for Dee Depo"); 10/20/2011 ("Dee Depo, meeting w/ client"); 10/20/2011 ("Prep for McEwan, Bischoff depos"); 10/21/2011 ("Preparation for, depositions of McEwan, Bischoff, phone call w/ Client"); 10/24/2011 ("Send notices for Zogmaister, Wilson depos; email Richan; phone call w/ client re: new info"); 10/28/2011 ("Eisenhour Depo prep, depos of Zogmaister, Wilson; phone calls w/ client") (50%); 12/5/2011 ("Review commissioner meeting minutes; depositions transcripts").

[4] Entrees for 3/21/2015 through 4/9/2015 (50%).

fees and costs for the time spent on the appeal. Plaintiff was not entitled to claim fees and costs until she was found to be a prevailing party. She was not a prevailing party at the conclusion of her successful appeal, but only had proven her right to a trial on the merits. She became a prevailing party upon entry of judgment in her favor against Defendant Storey and has timely moved for an award of attorney fees after entry of judgment. *See, e.g.*, *Bass v. Goodwill*, 356 F. App'x 110, 117 n.2 (10th Cir. 2009) (unpublished) (denying fees on appeal without prejudice to refiling after trial and stating "[b]ecause Mr. Bass has only prevailed on this interlocutory appeal, he is not yet a 'prevailing party' entitled to attorneys fees under [42 U.S.C. § 1988]."); *Brezovski v. U.S. Postal Serv.*, 905 F.2d 334, 337 (10th Cir. 1990) (noting on reversal of dismissal for failure to timely serve a defendant that "because plaintiff has not yet established that he is entitled to relief on the merits of his claims, plaintiff's request for an award of attorneys' fees at this juncture is DENIED"). Moreover, Plaintiff may seek certain costs on appeal in the district court under Federal Rule of Appellate Procedure 39(e).

3.      The court has determined that the 19.9 hours claimed by Ms. Hollingsworth on Ex. A2, (Dkt. No. 442-1), were reasonably incurred in prosecution of the claims against Defendant Storey. Ms. Hollingsworth claims $350 per hour for this time. She represents that amount is her current billing rate. Based upon the court's familiarity with billing rates of other attorneys who practice in this area, the court finds that this billing rate is reasonable and consistent with the rates of other attorneys of similar skill and experience for the period covered by Ex A2. *See, e.g.*, *Felders v. Bairett,* 2017 U.S. Dist. LEXIS 10474, 2017 WL 378467, at *2 (D. Utah Jan. 25, 2017). The court awards $6,965 as an attorney fee for work by Ms. Hollingsworth supported by Ex. A2.

4.      Plaintiff claims a total of $40,691 (approximately 271 hours) for work done by

Ashley Leonard, an associate of Ms. Hollingsworth. (Ex. B, Dkt. No. 442-1). The amount claimed is for work from January 1, 2014 through December 31, 2015. Ms. Leonard's time was billed at $150 per hour. The court finds that the billing rate is reasonable and consistent with rates charged by attorneys in this community with similar skill and experience. The time is supported by a detailed billing statement and the court finds it is sufficiently complete and descriptive for the court to determine that the time was spent advancing Plaintiff's claims. Plaintiff has not, however, exercised appropriate billing judgment by failing to eliminate time spent pursuing the claims against the Weber County Defendants. Based on the descriptions provided, the court determines the claimed amount must be adjusted to $27,353 to eliminate time spent pursuing claims against the Weber County Defendants[5] and to reduce the trial preparation and trial time by 50%.[6] The court awards $27,353 as an attorney fee for work by Ms. Leonard as supported by Ex. B.

5. Plaintiff claims a total of $1,462.50 (6.75 hours) at an hourly rate of $150 for work done by Matt Harrison. Mr. Harrison's work was all in connection with Plaintiff's appeal to the Tenth Circuit on which the Circuit reversed in part a summary judgment granted in favor of all defendants. For the reasons stated above, the court rejects Defendant Storey's objection that the fees cannot be awarded because they were not requested or awarded by the Court of Appeals. The court finds that the billing rate is reasonable and consistent for an attorney of similar experience and skills to Mr. Harrison and that the hours were reasonable for his support of the appellate arguments. The court awards $1,462.50 as an attorney fee for work by Mr. Harrison as supported by the Declaration of April Hollingsworth. (Dkt. No. 442-1.)

---

[5] Entrees for 10/13/2014 ("Drafted Response to Def MIL7 re County investigation"); 10/15/2014 ("Responded to WC MIL 9"); 10/15/2014 ("Responded to WC MIL 8 and Storey's incorporation"); 10/16/2014 ("Responded to WC MIL 10"); 10/16/2014 ("Responded to WC MIL 11"); 10/16/2014 ("Responded to WC MIL 4"); 10/17/2014 ("Responded to WC MIL 2"); and 10/18/2014 ("Responded to WC MIL 2").

[6] Entrees for 3/24/2015 through 4/9/2015 (50%).

5. Plaintiff claims a total of $20,100 (approximately 100.5 hours) at an hourly rate of $200 for work by Brenda Beaton. (Dkt. No. 442-2.) Ms. Beaton initially represented Plaintiff beginning in August 2008. Most of her early work involved consultation with Plaintiff, discussions with the County Attorney, claims made to the Utah Labor Commission, and time spent related to the investigation of Defendant Storey by the Judicial Conduct Commission. Ms. Beaton has exercised some billing judgment by indicating "no charge" for some of this time. In January 2010, Ms. Beaton began drafting facts and a draft complaint that was filed in this court on February 16, 2010. Ms. Hollingsworth appeared as counsel for Plaintiff on June 3, 2010 and Ms. Beaton withdrew on September 14, 2010. Ms. Beaton has continued to bill time against Plaintiff's case and seeks attorney fees for time spent through April 12, 2015. Ms. Beaton has provided billing statements with time entrees. Many of those entrees, however, are not sufficiently descriptive for the court to determine whether the time was spent advancing Plaintiff's claims in this court or spent on related matters for which Plaintiff would not be entitled to recover fees as a prevailing party in this case. For example, Ms. Beaton seeks $100 for an "Office Visit" on September 12, 2008 and $40 for a "Telephone call to Brad Dee" on September 19, 2008. Nothing in the description provides the court with a basis to determine the purpose for the visit or call. Similarly, Ms. Beaton seeks $700 for "Judicial Conduct Committee Deposition" on October 6, 2008. Evidence from the Judicial Conduct Commission investigation was not admissible in this case. Starting in March 2009, Ms. Beaton appears to claim the full amount of all time spent, without explanation of why she no longer chose to exclude some time, even though it is apparent that the time was not spent on this case, for example, "Telephone Call to Collin Winchester" on April 27 and June 16, 2009, or "Travel to JCC Hearing, meet with media outlets" on August 4, 2009.

Ms. Beaton's failure to exercise appropriate billing judgment would be adequate basis for the court to deny completely her request for an award of attorney fees. Nevertheless, the court has determined that it can, from the billing descriptions, determine that some of the time spent by Ms. Beaton did relate to the present case and should be awarded. Time spent drafting the complaint, arranging for service and early correspondence about the case appears to have been reasonable and appropriate to advance Plaintiff's claims. The court will award a fee for that time.[7] It also appears appropriate to allow an award for time spent to coordinate transferring the case to Ms. Hollingsworth. It is reasonable to infer that Ms. Beaton's prior fact investigation and knowledge of the case was helpful and reduced the amount of time Ms. Hollingsworth was required to spend. The court will award a fee for that time.[8] The court also awards the time Ms. Beaton spent in preparation of her affidavit for this fee motion.[9] The court has determined for the reasons stated that 29.2 hours is allowable at the rate of $200 per hour. The court finds that $200 per hour is a reasonable rate for an attorney of Ms. Beaton's experience and skill and is consistent with other fees charged by similar attorneys in the relevant community. The court awards an attorney fee of $5,840 for the work by Ms. Beaton in advancing this case as supported by her declaration. (Dkt. No. 442-2.)

---

[7] Entrees from 1/24/2010 through 5/7/2010.
[8] Entrees from 5/7/2010 through 7/29/2010.
[9] Entrees from 3/30/15 through 4/12/2015.

In summary, the court awards the following as attorney fees to Plaintiff:

| | |
|---|---:|
| April Hollingsworth, Ex. A1 (655.35 hours) | $ 196,605.00 |
| April Hollingsworth, Ex. A2 (100%) | $ 6,965.00 |
| Ashley Leonard, Ex. B (Adjusted) | $ 27,353.00 |
| Matt Harrison (100%) | $ 1,462.50 |
| Brenda Beaton, Ex. 2 (Adjusted) | $ 5,840.00 |
| **Total** | **$ 238,225.50** |

*Request to Tax Costs*

Plaintiff filed a Bill of Costs on May 11, 2015 for $10,589.81. (Dkt. No. 325.) Defendant Storey filed objections on May 26, 2015 and on January 1, 2017. (Dkt. Nos. 328 & 431). Plaintiff filed a Notice of Renewal of Bill of Costs on January 25, 2017, claiming the same amount. (Dkt. No. 440.) Plaintiff did not reduce the amount she claims to account for the fact that she no longer has a judgment against the Weber County Defendants or that amount of the judgment against Defendant Storey has been reduced to exclude economic damages.[10] A party may recover an award of costs for necessary litigation expenses under 42 U.S.C. § 1982, 28 U.S.C. § 1920, and the Equal Access to Justice Act, 28 U.S.C. § 2412(2). Section 1920 "enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. V. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42 (1987). DUCiv R 54-2 provides additional standards for interpreting the costs allowed by § 1920. "[The] prevailing party bears the burden of establishing the amount of costs to which it is entitled. Our precedents establish that the amount a prevailing party requests must be reasonable." *In Re Williams Securities*

---

[10] The court entered its Memorandum Decision and Order denying economic damages as a matter of law on July 1, 2016. (Dkt. No. 369.)

*Litigation—WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009). Under that test, costs for materials that "merely added to the convenience of counsel or the district court" are not recoverable. *Id.* at 1147 (quotation omitted). Accordingly, a district court should carefully scrutinize the items proposed by a prevailing party as costs. *Id.*

Section 1920 provides that the following costs may, if reasonable, be taxed:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case . . . .

As support for its bill of costs, the prevailing party must submit a memorandum of costs and supporting documentation that "(1) clearly and concisely itemize and describe the costs; (ii) set forth the statutory basis for seeking reimbursement of those costs under 28 U.S.C. § 1920; and (iii) reference and include copies of applicable invoices, receipts, and disbursement instruments. Failure to itemize and verify costs may result in their being disallowed." DUCiv R 54-2(a).

Although the Court has broad discretion in awarding costs, the Supreme Court has emphasized, that "taxable costs are limited by statute and are modest in scope." "Taxable costs are limited to relatively minor, incidental expenses . . . [and] are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 132 S. Ct. 1997, 2006 (2012).

In this case, Plaintiff has claimed expenses and costs incurred in prosecuting her claims against Defendant Storey and against the County Defendants. Upon retrial of the claims against the County Defendants, the jury found against Plaintiff. Plaintiff has made no effort in her Bill of Costs to reduce or eliminate costs which would not have been incurred had she proceeded only against Defendant Storey. Because Plaintiff was not the prevailing party against the County

Defendants, she may not recover costs from Defendant Storey that were incurred in pursuing the claims against the County Defendants. Moreover, Plaintiff bears the burden of proving that the costs were reasonably incurred. In some instances, the Plaintiff's Verified Memorandum of Costs does not contain sufficient detail for the court to determine for which claims and against which parties the costs should be allocated. Nevertheless, based upon the court's knowledge of the case and recollection of the trial, the court has made estimates to allow some of those costs using a percentage. In the absence of making such an estimate the court would have been required to deny the costs altogether. Applying these principles, the court finds that the following costs are taxable against Defendant Storey. The court finds that the allowed costs were reasonably incurred and properly awardable under the relevant statutes and rule.

| Item Claimed | Amount Claimed | Amount Allowed | Explanation |
|---|---|---|---|
| Filing Fees | $805.00 | $805.00 | § 1920 |
| Marcia Eisenhour Transcript | $650.45 | $650.45 | Used at trial |
| Scott Eisenhour Transcript | $130.00 | $0 | Not used |
| Craig Deardon Transcript | $287.74 | $0 | Witness against County Defendants |
| Craig Storey Transcript | $1,000.00 | $1,000.00 | Used at trial |
| Jan Zogmaister Transcript | $500.00 | $0 | Witness against County Defendants |
| Dave Wilson Transcript | $500.00 | $0 | Witness against County Defendants |
| Alan McEwan Transcript | $500.00 | $0 | Witness against County Defendants |
| Ken Bischoff Transcript | $500.00 | $0 | Witness against County Defendants |
| Brad Dee Transcript | $500.00 | $0 | Witness against County Defendants |
| Summary Judgment Transcript | $186.15 | $186.15 | Used on appeal |
| Copying Summary Judgment Record | $84.20 | $84.20 | Used on appeal |
| Trial Exhibits | $360.10 | $180.05 | Used at trial (allowed 50%) |
| Trial Exhibits | $79.26 | $79.26 | Used at trial |
| Trial Exhibits | $60.21 | $60.21 | Used at trial |
| Appendix/Briefs on Appeal | $319.70 | $319.70 | Used on appeal |

| Reply Brief on Appeal | $51.51 | $51.51 | Used on appeal |
| Trial Subpoenas 2015 | $630.00 | $0 | Witnesses against County |
| Trial Subpoenas 2014 | $562.00 | $281.00 | Witnesses against County (allowed 50%) |
| Witness Fees Trial | $1,020.00 | $510.00 | Witnesses against County (allowed 50%) |
| Witness Fees Depositions | $164.00 | $0 | Witnesses against County Defendants |
| Exemplification Costs | $1,699.50 | $0 | Convenience only |
| **Totals** | **$10,589.82** | **$4,207.53** | |

The court awards Plaintiff costs in the amount of $4,207.53.

## CONCLUSION

For the reasons stated above:

1. Plaintiff's Motions for Attorney Fees (Dkt. Nos. 441 & 442) are GRANTED in part and DENIED in part, and Plaintiff is awarded **$238,225.50** as attorney fees.

2. Plaintiff's Bill of Costs (Dkt. No. 325) and Notice of Renewal of Bill of Costs (Dkt. No. 440) are GRANTED in part and DENIED in part and Plaintiff is awarded costs in the amount of **$4,207.53**.

DATED this 25th day of April, 2017.

BY THE COURT:

_____
Clark Waddoups
United States District Judge