IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MARCIA EISENHOUR, an individual<br><br>Plaintiff,<br><br>v.<br><br>WEBER COUNTY, a political subdivision of the State of Utah, CRAIG D. STOREY, CRAIG DEARDON, KENNETH BISCHOFF, and JAN ZOGMAISTER, in their official and individual capacities,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER AWARDING WEBER COUNTY DEFENDANTS COSTS**<br><br>Case No. 1:10-cv-22-CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

The Weber County Defendants submitted a Bill of Costs, requesting an award in the amount of $8,782.96. (Dkt. No. 439.) The Bill of Costs is supported by the Verified Memorandum of Costs by Karen B. Jeppson, paralegal to Susan Black Dunn, the attorney who represented the Weber County Defendants. Attached to the Memorandum of Costs are the invoices to support each of the amounts requested. (*Id.*) Plaintiff Marcia Eisenhour filed an objection. (Dkt. No. 446.) And the Weber County Defendants filed a Memorandum in Response. (Dkt. No. 451.)

A party may recover an award of costs for necessary litigation expenses under 28 U.S.C. § 1920 which "enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. V. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42 (1987). DUCiv R 54-2 provides additional standards for interpreting the costs allowed by § 1920. "[The] prevailing party bears the burden of establishing the amount of costs to which it is entitled.

Our precedents establish that the amount a prevailing party requests must be reasonable." *In Re Williams Securities Litigation—WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009). Under that test, costs for materials that "merely added to the convenience of counsel or the district court" are not recoverable. *Id.* at 1147 (quotation omitted). Accordingly, a district court should carefully scrutinize the items proposed by a prevailing party as costs. *Id.*

Section 1920 provides that the following costs may, if reasonable, be taxed:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case . . . .

As support for its bill of costs, the prevailing party must submit a memorandum of costs and supporting documentation that "(1) clearly and concisely itemize and describe the costs; (ii) set forth the statutory basis for seeking reimbursement of those costs under 28 U.S.C. § 1920; and (iii) reference and include copies of applicable invoices, receipts, and disbursement instruments. Failure to itemize and verify costs may result in their being disallowed." DUCiv R 54-2(a). The court finds that the Weber County Defendants have met the requirements to clearly itemize and provide the statutory basis for the requested costs.

Although the Court has broad discretion in awarding costs, the Supreme Court has emphasized, that "taxable costs are limited by statute and are modest in scope." "Taxable costs are limited to relatively minor, incidental expenses . . . [and] are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 132 S. Ct. 1997, 2006 (2012).

In this case, the Weber County Defendants have requested costs incurred in the first trial of this action in March 2015 and the retrial in December 2016. The jury entered a verdict in favor

of Plaintiff and against the Weber County Defendants in the 2015 trial; the court, however, granted the Weber County Defendants' motion for a new trial. In the second trial, the jury entered a verdict in favor of the Weber County Defendants.

Plaintiff objects first that the Weber County Defendants should not be awarded any costs because they were not the prevailing party. Plaintiff argues that Rule 54(d) contemplates only one prevailing party, referring only to "the prevailing party," and, since judgement was entered in her favor against Defendant Storey, she can be the only prevailing party and the Weber County Defendants must be denied their costs. Plaintiff cites no authority to support the claim that where judgment is entered against only one of several defendants the prevailing defendants may not recover their costs. Plaintiff's argument strains logic and imposes on the rule an unjustified interpretation. Plaintiff elected to bring claims against Defendant Storey and against the Weber County Defendants. Although related, the claims were based on different elements and facts. Plaintiff's claims required the Weber County Defendants to incur costs to defend against the claims. On retrial, the jury concluded Plaintiff failed to prove her claims. Logic and reason support that § 1920 provides that costs be awarded. *See, e.g.*, *Bats Inc. v. Vector Pipeline, LP*, 222 F.R.D. 356, 357–58 (N. D. Ind. 2004) (finding defendants who are prevailing party on the substantial part of their litigation are entitled to their costs.)

Plaintiff objects next that the costs the Weber County Defendants seek to recover were not necessarily obtained for use in the case. Plaintiff does not dispute, however, that the cost were incurred or that they were expenses related to the case, only that they were not necessary. The rule allows the court broad discretion, in awarding costs and charges, to make the decision of whether the costs were necessary. *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002). All of the costs claimed were incurred to defend against Plaintiff's claims. The witnesses were called

or brought to the court to be available in the event that they were called. The transcripts of the hearings were reasonably necessary for guidance on numerous issues that were hotly contested and to prepare for the two trials. The deposition transcripts were also necessary to prepare for trial and exam the witnesses. For the reasons set forth in the following chart, the court determines that the allowed costs were both reasonable and necessary.

| Item Claimed | Amount Claimed | Amount Allowed | Explanation |
|---|---|---|---|
| Deposition Transcripts | $3,588.67 | $3,455.07 | §1920(2), Necessary for trial, except Scott Eisenhour ($133.00). |
| Other Transcripts | $3,174.35 | $3,174.35 | Necessary to prepare for trial. |
| Witness Fees | $1,700.94 | $1,700.94 | §1920(3) allows disbursements for witnesses. All necessary for trial. |
| Trial Subpoena | $194.00 | $194.00 | §1920(2) appeared or present at court. |
| Copying Fees | $125.00 | $125.00 | §1920(4). |
| **Totals** | **$8,782.96** | **$8,649.96** | |

Thus, the court awards Weber County Defendants costs in the amount of $8,649.96.

## CONCLUSION

For the reasons stated above:

Weber County Defendants' Bill of Costs (Dkt. No. 439) is GRANTED in part and DENIED in part and Weber County is awarded costs in the amount of **$8,649.96**.

DATED this 1st day of June, 2017.

BY THE COURT:

Clark Waddoups
United States District Judge